UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROBERT CASTILLO,

                              Plaintiff,

        v.                                                  DECISION AND ORDER
                                                                     06-CV-858A

COMMISSIONER NEW YORK STATE DEPARTMENT
OF CORRECTIONAL SERVICES, WARDEN WENDE
CORRECTIONAL FACILITY, MEDICAL DIRECTOR
WENDE C.F.,

                              Defendants.

---

## INTRODUCTION

The plaintiff, an inmate at Wende Correctional Facility, filed this action in the Eastern District of New York seeking damages under 42 U.S.C. § 1983 arising from a claim of deliberate indifference to his medical condition in violation of his "Fifth, Eighth, Ninth and Fourteenth Amendment rights."[1] The action was subsequently transferred to this District, where venue was proper.

Counsel for the defendants brought a motion to dismiss the complaint arguing that: (1) the complaint fails to properly "name" the defendants; and (2) even if named properly, the complaint fails to allege that any of the defendants were personally involved in the alleged constitutional deprivation.

---

[1] Although the complaint alleges violations of plaintiff's Fifth, Ninth and Fourteenth Amendment rights, it is clear that the gravamen of his claim is an Eighth Amendment violation of deliberate indifference to a serious medical condition.

1

Plaintiff opposed the motion to dismiss. The matter was deemed submitted without oral argument. For the reasons stated, the Court grants the defendants' motion to dismiss.

## BACKGROUND

Plaintiff asserts that, on or about December 22, 2004, while housed as an inmate at Wende Correctional Facility, he was directed by the mess hall duty officer to clean the mess hall sink. The mess hall duty officer provided plaintiff with "Lime-A-Way LP (a multipurpose lime scale remover) in a spray bottle, gloves and a paper hat." Compl. at ¶ 6. While preforming the assigned task, the Lime-A-Way dripped on plaintiff's head, causing an "immediate burning sensation." Plaintiff rinsed his head but was unable to alleviate the burning sensation. He advised Correction Officer Branch about the situation but was not provided with immediate medical attention.

Plaintiff alleges that he again requested medical attention and was not afforded a "sick call" treatment but his name was placed on a list to be seen by a medical doctor. Plaintiff saw a doctor on January 25, 2005, who referred him to a dermatologist. On February 18, 2005, plaintiff saw the dermatologist and was provided with a topical ointment.

Plaintiff alleges that the defendants violated his constitutional rights when they failed to provide him with immediate medical attention.

**DISCUSSION**

Defendants have moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). In evaluating a 12(b)(6) motion, the Court must accept the factual allegations in the complaint as true. *See Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (per curiam). The Supreme Court recently clarified standard applicable in evaluating a motion to dismiss under Rule 12(b)(6). *See Bell Atlantic Corporation v. Twombly*, 127 S. Ct. 1955 (2007). The Court replaced the prior standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *see Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), with the requirement that the complaint allege "only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1974. However, the Supreme Court reaffirmed the principle that the complaint must recite factual allegations sufficient to raise the right to relief about the speculative level, and conclusory allegations or formulaic recitation of the elements will not do. *See Twombly*, 127 S. Ct. at 1964-65 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (internal quotations and citations omitted).

As stated, the defendants move to dismiss the complaint on two grounds. First, they claim that the complaint fails to comply with the requirements of Fed. R. Civ. P. 10(a) (requiring a complaint to "name" a party) because it fails to refer to any of the

defendants by *name* and instead refers to each defendant only by his *official title*. Second, the defendants assert that dismissal is proper because the complaint fails to allege personal involvement by any of the defendants.

Putting aside the issue of whether the defendants are properly named under Rule 10(a), the Court finds that complaint must be dismissed because it fails to allege personal involvement by any of the defendants. It is well settled that § 1983 does not permit liability for monetary damages on the basis of *respondeat superior*. *See Monell v. Department of Soc. Serv.*, 436 U.S. 658, 694, n. 58 (1978); *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995); *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994). To be liable for monetary damages under § 1983, a defendant must have had some personal involvement in the alleged constitutional deprivations. *See Colon*, 58 F.3d at 873; *Wright*, 21 F.3d at 501. Personal involvement by a supervisory defendant may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the right of inmates by failing to act on information indicating that unconstitutional acts were occurring." *Colon*, 58 F.3d at 873.

Even accepting the allegations in plaintiff's complaint as true, plaintiff has not alleged any facts suggesting that the defendants in this case had personal knowledge

4

of the alleged deprivation of medical care.  Plaintiff does not claim that any of the defendants participated in the alleged deprivation or had any personal knowledge that medical care was being denied.  Although plaintiff does allege that the defendants have "have adopted polices, practices and procedures which Defendants knew or should have reasonably known would be ineffective in delivering medical treatment and care," see Compl. at ¶ 15, such conclusory allegations are insufficient to sustain a § 1983 claim.  See Covington v. Coughlin, No. 93 Civ. 8372(JSM), 1994 WL 163692 at *2-3, (S.D.N.Y. Apr. 28, 1994) (finding that a "vague reference" to alleged unconstitutional policy is insufficient to establish personal involvement); see also Funches v. Reish, 97 Civ. 7611(LBS), 1998 WL 695904 (S.D.N.Y. Oct. 5, 1998)(dismissing deliberate indifference to medical care claim against Warden of prison facility based upon conclusory allegation that Warden created "custom" of denying medical care).  Plaintiff does not specify the particular policy or custom that each defendant created, or allege how that policy or custom resulted in the alleged deprivation.  Plaintiff's theory of liability appears to be grounded simply upon the fact that the defendants were in charge of the prison.  However, as stated, § 1983 damages will not be imposed based upon a respondeat superior theory of liability.  See Gill v. Mooney, 824 F.2d 192, 196 (2d Cir. 1987) ("Dismissal of a § 1983 claim is proper where, as here, the plaintiff does no more that allege that [defendant] was in charge of the prison.")(internal quotations omitted) . See also Ayers v. Coughlin, 780 F.2d 205, 210 (2d Cir. 1985) (per curiam)("[P]laintiff's claim for monetary damages against [prison officials] requires a showing of more than the linkage in the prison chain of command.").  Absent any indication that the

defendants played any role in the alleged constitutional deprivations, plaintiff's deliberate indifference claim must be dismissed.

## **CONCLUSION**

For the reasons stated, the defendants' motion to dismiss is granted and the complaint is dismissed in its entirety. The Clerk of the Court is directed to take all steps necessary to close the case.[2]


SO ORDERED.

                                  s/ *Richard J. Arcara*
                                  HONORABLE RICHARD J. ARCARA
                                  CHIEF JUDGE
                                  UNITED STATES DISTRICT COURT

DATED: September 30 , 2008

---

[2] Although the Court grants *pro se* incarcerated inmates with an opportunity to file an amended complaint, that accommodation is unnecessary where, as here, the plaintiff is represented by counsel.